IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ELLOYD JOHNSON | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:12cv79 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner Elloyd Johnson, an inmate confined within the Texas Department of Criminal Justice Correctional Institutions Division, proceeding *pro se,*, filed this petition for writ of habeas pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

### Factual Background

On January 13, 2012, petitioner was notified that he was being charged with the prison disciplinary offense of refusing to report to his work assignment without a legitimate reason. Following a disciplinary hearing on January 17, he was convicted of the offense with which he was charged. He received the following punishment: (1) loss of commissary privileges for 45 days; (2) placement on cell restriction for 45 days; (3) demotion to a classification at which he earned fewer days of good conduct time credits and (4) forfeiture of 60 days of previously earned good conduct time credits.

### Grounds for Review

Petitioner asserts the following grounds for review: (a) he was improperly denied the opportunity to attend his disciplinary hearing and (b) his counsel substitute provided ineffective assistance.

Analysis

Prison inmates who lose previously earned good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges brought against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The

information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. *Id*. at 536-37 (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)) (information contained in a conduct report is alone "some evidence" of guilt).

*Denial of Opportunity to Attend Hearing*

Petitioner asserts he was improperly denied the opportunity to attend his disciplinary hearing. However, petitioner's assertion is not supported by the record. The Disciplinary Report and Hearing Record states petitioner was excluded from the disciplinary hearing because of his behavior prior to the hearing. The Service Investigation Work Sheet prepared by petitioner's counsel substitute stated that when the counsel substitute attempted to serve petitioner with a copy of the Offense Report, he became belligerent and aggressive. As a result, the counsel substitute terminated the encounter and mailed petitioner a copy of the Offense Report. This behavior resulted in his exclusion from the disciplinary hearing.

As set forth above, an inmate normally has a right to attend a disciplinary hearing. However, a disciplinary hearing may be held without the inmate being present so long as the inmate's absence is not due to any fault of prison officials. *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1980). The record reflects that petitioner was excluded from the hearing because he became belligerent when his counsel substitute attempted to served him with a copy of the Offense Report. This indicates petitioner was excluded from the hearing because of his behavior rather than through the fault of prison officials.

Petitioner denies being belligerent. However, no evidence in the record supports his contention. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... unsupported by anything else contained in the

3

record, to be of probative value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Absent any evidentiary support in the record, it cannot be concluded petitioner was improperly denied his right to attend his disciplinary hearing. *Cotton v. Chapman*, 342 F. App'x 960, 962 (5th Cir. 2009) (claim that petitioner was not informed of rights before hearing held to be without merit where report of the hearing officer stated petitioner was informed of rights prior to hearing); *Stibbens v. Thaler*, 2010 WL 2228523 (N.D. Tex. June 3, 2010) (claim that petitioner was denied the right to attend his disciplinary hearing was rejected where record reflected he was given the opportunity to attend, but refused to do so); *Johnson v. Director*, 2007 WL 1257104 (E.D. Tex. Apr. 30, 2007) (same).

*Counsel Substitute*

Petitioner states his counsel substitute was ineffective because she falsely stated he became belligerent when she attempted to serve him with a copy of the Offense Report. However, it is well established that inmates have no constitutional right to counsel in connection with prison disciplinary proceedings and that ineffective assistance of counsel claims cannot be raised against a counsel substitute. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *see also Raines v. Stephens*, 2015 WL 2447221 (S.D. Tex. 2015).

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and is therefore denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal

4

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues he raised are subject to debate among jurists of reason. The factual and legal issues asserted by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the issues raised are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **15** day of **July, 2015.**

_____
Thad Heartfield
United States District Judge